WILLIAM H. WILKINSON *vs.* E. OSGOOD LIBBEY.

Under a lease of a building in Boston, for one year from September 20 1857, in which the lessee covenants to pay to the lessor " all the taxes and assessments whatsoever, whether in the nature of taxes now in being or not, which may be payable for or in respect of the said premises, or any part thereof, during said term," the lessee is liable to pay the taxes assessed on the 1st of May 1858, although in Boston taxes are not payable until the 1st of November in each year.

CONTRACT on a covenant to pay taxes, in a lease running for one year, from September 20 1857. The case was tried in the superior court, before *Allen,* C. J., without a jury, by consent of parties. It there appeared that the plaintiff hired the demised premises of H. H. Hunnewell, the owner, by a lease for years, which bore the same date and was in the same form as the lease from the plaintiff to the defendant; that the taxes for 1857 and 1858 were assessed to Hunnewell, and paid by him ; and that the plaintiff has not paid to him the taxes assessed in 1857, but has paid to him those assessed in 1858. The other material facts appear in the opinion. Upon the whole case the chief justice adjudged that the plaintiff could not maintain his action, and the plaintiff alleged exceptions.

*A. H. Fiske,* for the plaintiff.

*A. G. Browne, Jr.,* for the defendant.

MERRICK, J. In the lease under which the defendant held the demised estate, he covenanted that he would "pay unto the lessor all the taxes and assessments whatsoever, whether in the nature of taxes now in being or not, which may be payable for or in respect of the said premises, or any part thereof, during said term." It is agreed that a tax was duly assessed on the premises on the first day of May 1857, for that year ; and also on the first day of May 1858, for that year. The declaration contains two counts : one alleging the liability of the defendant to pay to the plaintiff the amount of the tax assessed in the former, and the other to pay to the plaintiff the amount of the tax assessed in the latter year. The defendant contends that the

action cannot be maintained for the recovery of either of the sums so assessed; not the tax for the year 1858, because it did not become payable during the term — the taxes in Boston not being payable until the 1st of November in each year; and not that for the year 1857, which, though it became and was due and payable during the term, was never paid by the plaintiff, and therefore not payable to or recoverable by him.

These objections appear to us to be founded upon a manifest misapprehension of the meaning, import and effect of the covenant in the lease. The promise contained in the covenant is not, as seems to be supposed by the defendant, to pay the taxes and assessments which shall or may be payable during the term, but those which may be payable for or in respect of the premises during the term, at whatever period of time they shall become or be payable. The lease to the defendant was for one year from the 20th day of September 1857. Within that time, a tax was duly and legally assessed upon the premises. This was a tax payable for or in respect of the estate, because the assessment created a lien upon it which could be discharged only by payment of the tax. It is immaterial at what time it was payable to the city, under any of its ordinances or regulations, because, in reference to that, the parties entered into no stipulations with each other. The agreement was, upon a proper construction of the language of the covenant, that the lessee should pay to the lessor whatever tax should, during the term, be assessed upon the premises, and which should thus, by reason of the assessment, become payable for or in respect to the estate demised. It is very plain that the parties did not contemplate or intend the assumption, on the part of the lessee, of any liability to pay those taxes which had been assessed and made chargeable upon the estate anterior to the commencement of the term, and which should become or be due and payable during its continuance; for that might have involved a liability to pay the taxes remaining unpaid which had been assessed in more than one, and indeed for many years. They did not look to or enter into any stipulations respecting time past, but adapted and limited their contract to the condition of things which should

exist in consequence of what should occur or be done in the future. This is obvious from the provision in the lease whereby the lessee assumed the responsibility of paying all "taxes whatsoever, whether in the nature of taxes now in being or not." This had obvious reference to any new tax or assessment which might thereafter be created, by any subsequently enacted statute or city ordinance, by force of which a charge, in the nature of a tax, might lawfully be imposed upon the estate. The whole contract looks to the future; that is, to what should be done during the term, by which a tax of any kind assessed on the premises should thereby become payable.

The conclusion therefore is, that the obligation assumed by the defendant, by virtue of his covenant in the lease, bound him to the payment of the tax assessed upon the premises on the first of May 1858, which was during the continuance of the term.

It having been held by the presiding judge at the trial that, upon the facts reported, the plaintiff could not recover the sum claimed in either count in his declaration, and this court being of opinion that he can recover the amount of the tax assessed on the premises for the year 1858, with interest from the time of demand, if a demand was made; otherwise, from the date of the writ; the exceptions must be sustained, and a

*New trial granted.*